(8 App. Div. 25)

DOUGLASS v. HAZEN.

(Supreme Court, Appellate Division, Fourth Department. June 17, 1896.)

WILLS—CONSTRUCTION—AMOUNT NECESSARY FOR DEVISEE'S SUPPORT.

Where a will provides that testator's real estate shall be applied to the use of his widow, if necessary for her comfort, the necessity is to be determined by her.

Appeal from special term, Chautauqua county.

Action by Alfred M. Douglass, as executor of the will of Daniel A. Hazen, deceased, against Sally Maria Hazen, to obtain a judicial construction of the will of plaintiff's testator. From a judgment entered on a decision dismissing the complaint, with costs to defendant, to be paid by plaintiff personally, plaintiff appeals. Affirmed.

The opinion of Mr. Justice SPRING, at special term, is as follows:

Daniel Hazen was the owner of a small farm in the town of Mina, in the county of Chautauqua. He died in 1887, leaving the defendant, who had been his life companion for nearly 50 years, and no descendants. He made his will, which was admitted to probate; and the plaintiff, who was a neighbor of testator, and the defendant, were named as executors. The plaintiff assumed he had a right to the immediate occupancy of this little farm, and promptly took possession of it, exercising control over it, to the exclusion of defendant. That continued for the period of six years, when defendant succeeded in acquiring control of the farm, and plaintiff brought this action to construe the will, and in assertion of his right to the possession and control of the real estate of which decedent died seised. The will does not vest in him any title to the farm during the lifetime of the widow. The devise to him is explicitly limited to such part as may remain after her death. No authority whatever is vested in the executors, so that plaintiff cannot maintain his action on the assumption of the creation of a trust. While no specific words, as contended for by plaintiff's counsel, are essential to create a trust, yet the intention of the testator to vest a farm must clearly appear in the instrument, and there is no language in this will from which such a construction can be spelled out. It was the obvious intention of the testator to make suitable provision for his widow so far as his small estate would permit, and he did this first by the bequest of his few dollars of personal estate, and then by permitting her "to draw from the real estate," if necessary for her comfort. She is the one to determine that necessity. In re Grant (Sup.) 16 N. Y. Supp. 716; Smith v. Van Ostrand, 64 N. Y. 278. That the necessity exists in this case is quite apparent. She has no other property, is in the decline of life, and certainly should have whatever property a fair construction of her husband's will accords to her.

The complaint must be dismissed, with cost against the executor personally, as the small patrimony should not be depleted further to aid the plaintiff in his attempt to wrest it from the defendant.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Van Dusen & Martin, for appellant.
Ottaway & Munson, for respondent.

PER CURIAM. Judgment affirmed, on the opinion of SPRING, J., delivered at special term, with costs against the appellant personally.